UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                No. 1:20-mj-32

    vs.                           Hon. Ray Kent
                                     United States Magistrate Judge

SAMANTHA JOYCE BALMER,

        Defendant.
_____/

## **GOVERNMENT'S MOTION TO SEAL OR REDACT**

May it please the Court, the government moves to seal the criminal complaint in this case to protect the privacy of the victim. In the alternative, the government moves to substitute a redacted continuation for the criminal complaint.

FACTS

Beginning on December 19, 2019, the defendant began sending text and voice messages to a resident of the Western District of Michigan, threatening to injure his reputation unless he transferred funds to her account. The defendant was charged by criminal complaint with making extortionate threats in interstate commerce, in violation of 18 U.S.C. § 875(d). (R. 1: Complaint, PageID.1). In conformity with Fed. R. Crim. P. 3, the continuation to the complaint contains a written statement of the essential facts constituting the offense charged. (R. 1: Continuation, PageID.2-3). FBI agents arrested the defendant on the associated arrest warrant on January 24, 2020, and transported her to Grand Rapids for her initial appearance. The arrest warrant being executed, the Court unsealed the continuation to the complaint the same day.

## LAW AND ARGUMENT

The Crime Victim's Rights Act of 2004 (as amended) provides victims the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Federal Rules of Criminal Procedure specifically exempt charging documents and their supporting affidavits from the requirement to redact personal information. Fed. R. Crim. P. 49.1(b)(9). The Rule also, however, permits the court to seal documents and/or order the substitution of a redacted copy for an unsealed original. Fed. R. Crim. P. 49.1(d). For good cause, the court may also (1) specifically order that information be redacted from a document; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court. Fed. R. Crim. P. 49.1(e). While the Sixth Circuit has not specifically ruled on the issue, other courts have supported redaction where it would safeguard victims' privacy and would not prejudice the defense. *See, e.g., United States v. Madoff,* 626 F. Supp. 2d 420, 426-27 (S.D.N.Y. 2009); *United States v. Donnelly,* 370 F.3d 87, 89 n.2 (1st Cir. 2004); *United States v. Taylor,* 338 F.3d 1280, 1282 n.1 (11th Cir. 2003).

In compliance with the Speedy Trial Act, the government intends to present an indictment next week, and in any event no later than 30 days of the defendant's arrest. 18 U.S.C. § 3161(b). "The purpose of the thirty-day rule is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself." *United States v. DeJohn*, 368 F.3d 533, 539 (6th Cir. 2004). "In felony and other cases where an indictment or information is filed, the complaint is the temporary charging document, and is superseded once the more formal charging document is filed." *United States v. Houston*, No. 3:13-CR-10, 2013 U.S. Dist. LEXIS 94286, at *6-7 (E.D.

Tenn. June 13, 2013; *citing* 1 Charles Alan Wright et al., *Federal Practice and Procedure* § 41 (4th ed.)) (Contents of a criminal complaint found moot after indictment.)

In this case, the defendant has been provided with the full text of the original continuation, and has therefore received notice of the charge against which she must prepare to defend herself. In addition, the defendant will receive discovery pursuant to Fed. R. Crim. P. 16(a) even before indictment. Because the complaint continuation itself adds nothing to this information, and because it will become moot after it is superseded by indictment, its sealing or redaction will not prejudice the defense. The undersigned has consulted with opposing counsel prior to filing this motion, and the defense takes no position on this motion.

The victim is aware that testing the government's case in pretrial and trial proceedings may result in disclosure of otherwise private information. Until such time, however, public exposure of the information in the complaint may work the same reputational injury the victim sought to avoid by reporting the crime to law enforcement. Its perpetuation on docket, on the other hand, would not serve a policy purpose that outweighs the victim's privacy interest.

WHEREFORE, the government requests the Court seal the complaint, or permit the substitution of a redacted continuation.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 28, 2020         */s/ Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404