UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 1:20-CR-25

    Hon. Ray Kent

SAMANTHA JOYCE BALMER,

    Defendant.
_____/

**ORDER OF COMMITMENT FOR MENTAL EXAMINATION**

Defendant appeared before me this date on an arrest warrant issued pursuant to the Government's Motion for Revocation of Release (ECF No. 17). Additionally, defense counsel has filed an unopposed motion for a competency examination to determine defendant's current mental competency and criminal responsibility at the time of the offense, pursuant to 18 U.S.C. §§ 4241(a) and 4242(a) (ECF No. 22). At the time of the hearing, the Court, on its own motion, moved for a competency hearing following a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241(a) and 4242. Accordingly, both the Government's motion (ECF No. 17) and defense counsel's motion (ECF No. 22) shall be **DENIED as moot.** Based upon the information before me, I find there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent within the meaning of § 4241(a), and may have been insane at the time of the offense, § 4242.

    1.    Defendant shall be committed to the custody of the Attorney General for placement in a suitable facility for the purpose of having medical, psychiatric and/or psychological examinations conducted by a licensed or certified psychiatrist or psychologist of that facility, pursuant to § 4241.

Upon being advised by the Attorney General as to which facility defendant has been designated, the United States Marshals Service is directed to promptly inform the court, at which time the court will issue an order directing the United States Marshals to transport the defendant to the designated facility.

The examinations shall be performed within a reasonable period not to exceed forty-five (45) days. Upon a showing of good cause that additional time is necessary for observation and evaluation of the defendant, the court will grant an extension of time not to exceed thirty (30) days. 18 U.S.C. § 4247(b).

2. Psychiatric or psychological reports shall be prepared and filed with the court in accordance with § 4247(c), with copies to counsel for the government and the defendant, said reports to include:

    A. Defendant's history and present symptoms;

    B. A description of psychiatric, psychological and medical tests that were employed and their results;

    C. The examiner's findings;

    D. The examiner's opinions as to diagnosis, prognosis, and

        1) whether defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and

        2) Whether defendant was insane at the time of the offense.

3. The defendant may be given any necessary medication as deemed appropriate by the medical staff at the facility.

4. The psychiatrist(s)/psychologist(s) shall have access to any Pretrial Services Reports completed on the defendant in the instant case.

5. The psychiatrist(s)/psychologist(s) shall be allowed access to all available medical records on the defendant.

6. When defendant's examination is concluded and the examining facility deems defendant ready to return to this district, the representative of that facility shall so advise both this court and the United States Marshals Service, after which this court shall order defendant transported to this district by the United States Marshals Service.

7. Upon receipt of the report, a hearing will be held in accordance with the provisions of § 4247(d) to determine the competency of the defendant and her ability to properly assist in her defense and to understand the nature and consequences of the proceedings against her. 18 U.S.C. § 4241(a).

8. The names, addresses and telephone numbers of defendant's counsel, government's counsel, and the Pretrial Services officer are as follows:

> Joanna Christine Kloet
> Assistant Federal Public Defender
> 50 Louis St., NW - Suite 300
> Grand Rapids, MI 49503
> (616) 742-7420
>
> Nils R. Kessler
> Assistant United States Attorney
> 330 Ionia Ave., NW
> P.O. Box 208
> Grand Rapids, MI 49501-0208
> (616) 456-2404
>
> Kristina Snow
> U.S. Probation and Pretrial Services Officer
> 110 Michigan St., NW
> Grand Rapids, MI 49503
> (616) 456-2077

9. The United States Marshal, or his authorized deputy, shall transport the defendant to and from the facility(ies) designated by the Bureau of Prisons.

10. Should defendant be prescribed and taking medication at a Bureau of Prisons designated facility, the United States Marshals shall ensure that such medication is continued to be provided to defendant, including while in transit and continuing while she is in custody awaiting her next court date.

11. The period of time from this point forward, until the issue of defendant's competency is taken under advisement after receipt by the court of the results of the psychiatric and/or psychological examinations of defendant and completion of any hearing on that issue, shall be excludable time for the purposes of The Speedy Trial Act; 18 U.S.C. § 3161(h)(1), as construed by the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

Dated: February 6, 2020     /s/ Ray Kent
RAY KENT
United States Magistrate Judge